QST v. OHM                                    CV-98-572-M    09/27/00
                      UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


QST Environmental, Inc., f/k/a
Environmental Science & Engineering, Inc.,
      Plaintiff

      v.                                      Civil No. 98-572-M
                                              Opinion No. 2000 DNH 201
OHM Remediation Services Corp.;
National Union Fire Insurance Company
      of Pittsburgh, PA; and
United National Insurance Company,
      Defendants


                            **O R D E R**


      Plaintiff ("ESE") moves to dismiss a counterclaim filed

against it by Defendant United National Insurance Company (United

National) (document no. 46).  The pertinent facts have already

been described in an Order dated July 22, 1999, and one issued

contemporaneously with this Order, so will not be repeated.

      Basically, Defendant United National asserts a claim against

ESE based upon an alleged breach of the covenant of good faith

and fair dealing implied in every New Hampshire contract.

National Union says it extended coverage to ESE, as an

"additional insured," under a policy issued to OHM Corporation

("OHM") and, under that policy ESE had a "duty to cooperate" in resolving the underlying Shoemaker plaintiffs' claims against ESE, OHM, and OHM's subsidiary OHMRS (which company had contractually agreed to indemnify ESE with respect to any claims brought against ESE arising from OHMRS' negligence).

United National's claim rests, apparently, on the notion that ESE breached the good faith covenant of the insurance contract (though there is no allegation that ESE ever contracted with National Union for insurance coverage) because ESE failed to participate in settlement discussions with the Shoemaker plaintiffs, even though ESE faced independent liability (that is, for claims not covered by OHMRS' indemnity agreement and thus not covered by the policy).  But, even assuming ESE owed a duty to cooperate with National Union in the defense of covered claims, ESE owed no common law or contractual duty to participate in settlement discussions as to claims not covered by the indemnity/insurance contract – ESE was well within its rights to offer nothing to settle those claims and litigate them to final resolution.  And, obviously, National Union had complete authority and ability to settle claims against ESE that its

2

policy <u>did</u> cover (which it apparently did).  Moreover, National Union was not entitled to any monetary contribution by ESE toward the settlement of the covered claims.  ESE was not duty bound to contribute monetarily to the settlement of claims covered by insurance and an indemnity agreement.

National Union's counterclaim is based, it says, on ESE's "failing to acknowledge that independent claims of liability could exist from those covered by United National's policy [which failure to acknowledge caused] United National to incur additional costs in settling the [Shoemaker] claims." Defendant's Motion [sic] in Objection to Plaintiff's Motion to Dismiss (document no. 48), at 12.  ESE owed no duty, either at common law or otherwise, to "acknowledge" claims by the Shoemaker plaintiffs against it that were not covered by National Union's policy.  Again, as to such claims ESE was free to resolve them as it saw fit, just as National Union was free to resolve covered claims as it saw fit.

The counterclaim, as pled, is completely without merit.  If National Union is attempting to assert some "failure to cooperate" by ESE beyond or different from ESE's having failed to

3

"acknowledge" "independent" claims against it, or its failure to settle those independent claims as part of a global settlement, or its failure to contribute monetarily to the settlement of claims covered by National Union's policy, then National Union has failed to adequately plead such theories and supporting facts. If National Union intended to plead the theories and facts it appears to have asserted, then National Union has plainly failed to state a cause of action based upon an alleged breach of the implied covenant of good faith and fair dealing, for the same reasons discussed in the prior and companion Orders issued in this case.

## Conclusion

Plaintiff ESE's Motion to Dismiss Counterclaim of United National Insurance Company (document no. 46) is hereby GRANTED.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 27, 2000

cc:  James C. Wheat, Esq.
     Gordon A. Rehnborg, Jr., Esq.
     Margaret H. Nelson, Esq.

4